## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **David del Curto S.A.** | : | |
| **Santiago, Chile** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | **NO.** |
| | : | |
| **MAERSK SEALAND a/k/a** | : | |
| **A.P. Moller-Maersk A/S** | : | |
| **Giralda Farms Madison Avenue** | : | |
| **P.O. Box 880** | : | |
| **Madison, NJ 07940-0880** | : | |

## COMPLAINT IN ADMIRALTY *IN REM AND IN PERSONAM*

### Parties

1.     David del Curto, S.A. is a corporation with an office and place of business located in Santiago, Chile.

2.     Plaintiff is a shipper and/or receiver/consignee of fruit who regularly imports its product on board ocean vessels arriving in the ports of Philadelphia, PA.

3.     Defendant, MAERSK SEALAND a/k/a A.P. Moller-Maersk a/k/a Maersk Line (hereinafter known as "MAERSK") on information and belief, is a foreign corporation with an office and place of business in New Jersey.  At all times material hereto, MAERSK was the owner, charterer and/or operator of the vessels, Maersk Bogor and Maersk Danbury.

4.     Defendant, MAERSK, was at all times material hereto the charterer, agent, manager, operator and/or owner of the above named vessels as common carriers of goods by sea between ports and places throughout the world, including the ports of Chile and Philadelphia, Pennsylvania.

5.      The vessels owned and/or operated by the above defendant have used the ports of the Commonwealth of Pennsylvania discharged and loaded cargo therein, been supplied services and handled therein and are subject to service of process under the applicable rules of law in admiralty practice and the statutes of the Commonwealth of Pennsylvania.

6.      Plaintiff was the shipper, consignee or owner of the cargo described more further below, and brings this action on its own behalf and as agents and trustees on behalf of and for the interests of all parties who may be or become interested in said shipment, and cargo as their respective interests may ultimately appear, and plaintiff is duly entitled to maintain this action.

## Jurisdiction and Venue

7.      Plaintiff  by and through its attorneys, Dugan, Brinkmann, Maginnis and Pace, hereby brings this suit against the defendant under the provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) and the supplemental Admiralty Rules of the Federal Rules of Civil Procedure.  In addition, jurisdiction is invoked pursuant to 28 U.S.C. §1377 as this is an action arising under an Act of Congress regulating commerce, specifically, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.* and the Harder Act of 1893, 46 U.S.C. §§190-196.

8.      Venue lies within the Eastern District of Pennsylvania under the provisions of 28 U.S.C. §1391.

- 2 -

## COUNT I

9.       In or about December of 2011, in Santiago, Chile, 6,368 cases of fresh cherries and apricots consigned to plaintiff were delivered in good order and condition to the defendant and were supposed to be carried on board the M/V Maersk Bogor for transportation to the United States and delivered there in like good order and condition.

10.     In or about December of 2011, the aforesaid shipment was loaded aboard the vessel and clean on-board bill of lading numbered MAEU 863071734 relating to containers MWCU 6967797 and PONU 4779867 was issued, acknowledging receipt on the vessel of the said shipment in good order and condition.

11.     Thereafter, the cargo was transhipped to the M/V MAERSK DANBURY.

12.     In or about December of 2011, the M/V MAERSK DANBURY arrived in the United States and was discharged in said country.

13.     Thereafter, various goods were delivered by the above named defendant to plaintiff, whereupon it was discovered that plaintiff's goods were not in like good order and condition as when received by the defendant, but were instead damaged, deteriorated in value and unfit for sale or use.

14.     The aforesaid damage and loss of plaintiff's cargo was the result of breaches by the defendant of its obligations as a common carrier of goods, of breaches by it of the lawful terms and conditions of the bill of lading issued by them.

15.     By reason of the breaches of the defendant of the lawful terms and conditions of the bill of lading issued by it and the breaches of the defendant and its obligations

- 3 -

as common carriers of goods, plaintiff has sustained damage and loss in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

15. The aforesaid damage and/or loss of plaintiff's cargo was caused by the unseaworthiness of the above named vessels and the negligence of the above-named defendant, its agents, servants and employees in:

        a.      failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

        b.      failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

        c.      failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

        d.      failing to provide the agreed upon temperature to the cargo;

        e.      failing to use proper care under the circumstances;

        f.      delaying the delivery of the cargo; and

        g.      other and further particulars which will be shown at the time of trial.

16. By reason of the above defendant's negligence and lack of due care and the failure of the defendant to provide a seaworthy place for the handling, stowage, carriage and discharge of plaintiff's goods and the lack of appropriate stowage aboard the vessels, plaintiff has suffered damages and loss in excess of Seventy-Five Thousand Dollars ($75,000.00).

17.     Notice of claim and claim have been filed with the defendants, but they have failed and refused to pay all or any part of the loss which has been sustained by plaintiff.

18.     All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, plaintiff prays that:

1.     Process in the due form of law, according to the practice of this Court issue against the defendant inviting it to appear and answer all and singular the matters aforesaid.

2.     If the defendant cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Seventy-Five Thousand Dollars ($75,000.00).

3.     Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the above named vessels, their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessels be condemned and sold to pay the demands as aforesaid with interest and costs.

4.     Judgment be entered on behalf of plaintiff  and against the defendant plus interest and costs of this action.

5.      Plaintiff  has such other and further relief in the premises and in law and justice as it may be entitled to receive.

DUGAN, BRINKMANN, MAGINNIS AND PACE

BY:      EM871_____
        Eugene J. Maginnis, Jr., Esquire
        Stephen M. Winning, Esquire
        1880 John F. Kennedy Boulevard, Ste. 1400
        Philadelphia, PA 19103
        (215) 563-3500
        ATTORNEYS FOR PLAINTIFF

Dated: January 30, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

David del Curto S.A.                     :
                                         :      CIVIL ACTION
                v.                       :
                                         :      NO.
MAERSK SEALAND a/k/a                     :
A.P. Moller-Maersk A/S                   :


DISCLOSURE STATEMENT FORM


Please check one box:

■          The nongovernmental corporate party, _____Plaintiff_____ ,
           in the above listed civil action does not have any parent corporation and
           publicly held corporation that owns 10% or more of its stock.

☐          The nongovernmental corporate party, _____ ,
           in the above listed civil action has the following parent corporation(s) and
           publicly held corporation(s) that owns 10% or more of its stock:

           _____
           _____
           _____
           _____


____01/30/13_____                    _____EM871_____
        Date                                        Signature


                                Counsel for:_____Plaintiff_____


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
           (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A
           nongovernmental corporate party to an action or proceeding in a district
           court must file two copies of a statement that identifies any parent
           corporation and any publicly held corporation that owns 10% or more of
           its stock or states that there is no such corporation.
           (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
           (1)    file the Rule 7.1(a) statement with its first appearance, pleading,
                  petition,
                  motion, response, or other request addressed to the court, and
           (2)    promptly file a supplemental statement upon any change in the
                  information that the statement requires.